IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> T & D ELECTRIC COMPANY ) <br> OF BURLINGTON, INC. ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No.: 1:06CV808 <br><br><br> C O M P L A I N T <br><br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Tammy Holt and a class of similarly situated female employees, who were adversely affected by such practices. The Commission alleges that Ms. Holt, and other female employees of Defendant T&D Electric Company of Burlington, Inc. ("Defendant"), were sexually harassed based on their sex, female, and that some female employees were forced to resign as a result of the sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a)(1).

-1-

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C., § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina, and the County of Alamance, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Tammy Holt filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit has been fulfilled.

7. Since at least the summer of 2004, Defendant has engaged in unlawful employment practices at its facility located in Burlington, North Carolina, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2. These practices include subjecting Tammy Holt, and similarly situated female employees to sexual harassment and a sexually hostile work environment created by a male co-owner and president of Defendant who was in the direct line

of supervision of some or all of the female employees. The sexual harassment included, but was not limited to, unwelcome sexual comments such as comments about female employees' bodies and clothing, and comments about sex acts. The sexual harassment also included unwelcome sexual touching. Defendant failed to take reasonable steps to prevent and promptly correct the sexual harassment. Moreover, Defendant knew or reasonably should have know about the sexual harassment, but failed to take appropriate corrective action to stop it. As a result of the sexual harassment, some female employees felt compelled to resign.

8. The effect of the practices complained of in paragraph 7 above have been to deprive Tammy Holt and a class of similarly situated females, of equal employment opportunities and otherwise adversely affect their status as employees based on their sex.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Tammy Holt and a class of similarly situated females.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from creating or maintaining a sexually hostile work environment or engaging in any other employment practice that discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs that

provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole members of the class of women who were forced to resign, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Tammy Holt, and a class of similarly situated women, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices above, including but not limited to medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Tammy Holt, and a class of similarly situated women, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Tammy Holt, and a class of similarly situated women, punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in the complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

/s/ Lynette A. Barnes  \_\_\_\_\_
LYNETTE A. BARNES
Regional Attorney
N.C. Bar No. 19732
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

TRACY HUDSON SPICER
Supervisory Trial Attorney
Washington Field Office

/s/Suzanne Lenahan Nyfeler
SUZANNE LENAHAN NYFELER
Senior Trial Attorney
Virginia Bar No. 40450

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Richmond Local Office
830 East Main Street, Suite 600
Richmond, Virginia 23219
(804)771-2215

-5-